Dohoney, J.
The defendant seeks to establish a report pursuant to Dist./Mun. Cts. R. Civ. P., Rule 64(e).
This case presents the too common example of a pro se litigant seeking to understand and comply with the difficult Appelláte Division procedures. The defendantwas aggrieved bythe finding of the Trial Justice in a landlord/tenant dispute which was originally filed in the Superior Court Department and remanded to the District Court. The defendant filed a draft report. The Trial Justice indicated in a written ruling on defendant’s draft report that certain portions of the draft report would be allowed and certain portions would not be allowed. The defendant elected to pursue the matter before us to establish the report rather than prepare the report in accordance with the directions of the Trial Justice.
The action of the Trial Justice was correct. The draft report is not a “clear and concise statement of so much of the evidence... as may be necessary to present the questions of law” as is required by Form 33 of the Dist./Mun. *122 Courts Forms. The draft report contains far more material-than is necessary and contains many personal thoughts and reflections of the defendant. Thus, the draft report should be settled in the form indicated by the Trial Justice.
However, in order to possibly avoid unnecessary time and expense to the parties, we note that the defendant apparently did not file requests for rulings of law!’This case is strikingly similar to Arent v. Feinstein et. at, 1989 Mass. App. Div. (pagination riot yet available) wherein the Court stated
It is now clear and well established that the filing and requests for rulings is the sine qua non to gain appellate review in appellate division practice. (Emphasis original)
Thus, even if the report is properly established, there may not be a viable appeal.
In any event the petition to establish report is denied except that the report may be established in accordance with the ruling of the Trial Justice.